Bt the Court.*
Tappeh, J.
The defendants held certain lands in trust'for Maria, the wife of Mark Cornell, and to secure to the defendants certain advances of money made by them from time to time for account of Mrs. Cornell. A reference was ordered to determine the amount of these advances, and from an order of the Kings special term, confirming the referee’s report thereon, the plaintiffs appeal. The referee found four thousand seven hundred dollars due the defendants ; the plaintiffs concede that the advances with interest amount to three thousand two hundred and sixty-two dollars, and dispute the balance.
Mark Cornell, the husband, seems to have received the remainder of the money; it was claimed that he was Mrs. Cornell’s agent in the transaction of her business, and had dealings with the defendant in that capacity.
*320 Mr. Cornell was the original plaintiff in this action, the present plaintiffs having on her decease been substituted as her representatives.
Mrs. Cornell signed and verified the first complaint in which it was set forth, that the amount due the defendants was five thousand dollars. The complaint had been prepared under the direction of the defendant, Jayne, who as a witness before the referee (Mrs. Cornell being then deceased) testified that she signed the affidavit in his presence; he also gave testimony going to show generally, that he was acquainted with her handwriting.
The first complaint had been amended, and the amended pleading did not contain the admission relied upon by the defendants. The testimony of Jayne, failed to show that he was acquainted with Mrs. Cornell’s handwriting; the referee admitted the original complaint as evidence of the amount due the defendants Jayne and Mercer. The evidence of Jayne, a party to the action, that he had seen Mrs. Cornell sign it, was evidence of a transaction between them ; it was not admissible under section 399 of the Code (Ressegue v. Mason, 58 Barb., 89).
We see no evidence upon which Mrs. Cornell can be charged with anything beyond the three thousand two hundred and sixty-two dollars.
All the other moneys went into her husband’s hands and constituted his debt, there being no proof that he received them by her authority or for her account.
The amount found due, four thousand seven hundred dollars, should, therefore, be reduced to three thousand two hundred and sixty-two dollars, with interest, and the order modified accordingly.

 Present, Bahhabd, P. J., and Tappbn, J. (Donohue, J., sat at the argument, but was not present when the opinion was handed, down.) .